IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| BOBBY STRONG, | ) | |
| | ) | Civil Action |
| Plaintiff, | ) | No. |
| v. | ) | |
| | ) | |
| WENMARR MANAGEMENT | ) | |
| COMPANY, LLC, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## FIRST COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Bobby Strong ("Plaintiff") and files this Complaint against Defendant Wenmarr Management Company, LLC ("Defendant"), and shows the following:

### I.   Nature of Amended Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

With this action, Plaintiff brings a discrimination claim for damages pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

## II.　Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant does business in this district and is subject to specific jurisdiction over the claims asserted herein. In addition, a substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §1391.

5.

Plaintiff timely filed a charge of discrimination with the EEOC. Upon Plaintiff's request, the EEOC issued a notice of right to sue with respect to Plaintiff's charge. This action has been filed within 90 days of the receipt of the notice of right to sue.

## III.　Parties and Facts

6.

Plaintiff is a resident of the State of Georgia.

7.

On or around mid-November 2022, Plaintiff interviewed at Defendant's Wendy's location in Dallas, Georgia for the position of shift manager with Defendant's Assistant Manager, Shawna.

8.

During the interview, Plaintiff informed Shawna that Plaintiff's name is "Hilary."

9.

Plaintiff's legal name is Bobby Strong; 'Hilary' is the name that matches Plaintiff's gender identity.

11.

Shawna informed Plaintiff that she would be called for a second interview with the general manager. Plaintiff was also told to fill out an application online and she did so.

12.

The next day, Plaintiff spoke with Sam (LNU), the General Manager. Sam stated Plaintiff did not need to come in for a second interview because she was hired. Sam told Plaintiff she would call Plaintiff when it was time for her to report to work.

13.

Plaintiff waited to hear back from Defendant, but did not receive any further communications.

14.

Plaintiff continued to call Defendant for and an update on her start date.

15.

Plaintiff spoke with Shawna several times, and she continued to represent to Plaintiff that she had the position.

16.

On or about December 1, 2022, Plaintiff received a call from Shawna, who asked, "I am curious, are you transgender?" Plaintiff informed Shawna that she was, in fact, a trans woman.

17.

On or about December 2, 2022, Plaintiff called Defendant again and spoke with Shawna. Shawna then told Plaintiff, "We did not know you were transgender. I don't think we're going to go forward."

18.

Defendant failed to hire Plaintiff because of sex/gender, in violation of Title VII. As a result of Defendant's unlawful actions, Plaintiff has suffered damages, including lost wages and emotional distress.

## Count I

## Title VII Discrimination

19.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

20.

Plaintiff is a member of a protected class.

21.

Title VII prohibits sex/gender discrimination. Defendant was prohibited from not hiring Plaintiff due to sex/gender.

22.

Defendant violated Plaintiff's rights under Title VII by not hiring Plaintiff because of her sex/gender.

23.

Defendant intentionally discriminated against Plaintiff, on the basis of sex/gender, in violation of Title VII.

24.

Any alleged non-discriminatory reason given by Defendant for treating Plaintiff differently is pretext for unlawful discrimination.

25.

As a direct and proximate result of Defendant's actions and omissions, Plaintiff has suffered damages, including lost wages, emotional distress, humiliation and other indignities.

26.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's actions toward Plaintiff were undertaken in bad faith.

27.

The acts and omissions of Defendant were willful, malicious and in reckless disregard of Plaintiff federally protected rights entitling Plaintiff to punitive damages.

28.

Defendant is liable for the damages caused by its discrimination against Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

(a)     Compensatory damages, including general damages for mental and emotional suffering caused by Defendant;

(b)    Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)    Damages for lost wages and benefits and prejudgment interest thereon;

(d)    Reasonable attorneys' fees and expenses of litigation;

(e)    Trial by jury as to all issues;

(f)    Prejudgment interest at the rate allowed by law;

(g)    Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendants from further unlawful conduct of the type described herein; and

(h)    All other relief to which he may be entitled.

Respectfully submitted,

This 9th day of February, 2022.

**BARRETT & FARAHANY**

*/s/ V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Plaintiff

PO BOX 530092
Atlanta, GA 30353
Telephone: (404) 214-0120
Facsimile: (404) 214-0125
severin@justiceatwork.com